884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl David EDWARDS, Plaintiff-Appellant,
v.
E. CAREY, Defendant-Appellee.
 No. 89-6590.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 9, 1989.
Decided Aug. 29, 1989.
 
 Carl David Edwards, appellant pro se.
 Mary Moffett Hutcheson Priddy, Edward Meade Macon, (MCGuire, Woods, Battle & Boothe), for appellee.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carl David Edwards appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, regarding Edwards's medical care claims, we affirm on the reasoning of the district court. Edwards v. Carey, C/A No. 88-110-L (W.D.Va. Mar. 20, 1989).
 
 
 2
 Edwards also brought a claim in his Sec. 1983 action seeking copies of his medical records. Additionally, subsequent to defendant's motion for summary judgment, Edwards filed a separate motion to inspect his medical records pursuant to Fed.R.Civ.P. 34. The district court granted defendant's motion for a protective order pending resolution of the motion for summary judgment. In entering summary judgment in favor of defendant Carey, however, the court did not address the original request for the medical records brought as a separate Sec. 1983 claim.
 
 
 3
 We need not remand for consideration of this claim because we conclude that it is without merit. This Court has explicitly rejected the view that a prisoner has a constitutional right of access to his prison file. Paine v. Baker, 595 F.2d 197, 200 (4th Cir.), cert. denied, 444 U.S. 925 (1979). Edwards's access to his medical records is governed by Virginia Department of Corrections Guideline 803, section VII D.; the Virginia Freedom of Information Act, Va.Code Ann. Sec. 2.1-342; and the remedies provided under Va.Code Ann. Sec. 8.01-413. For purposes of this Sec. 1983 action, the district court correctly treated the request for the medical records as a discovery matter. Because Edwards's underlying inadequate medical care claim was without merit, the district court was not required to order the defendant to allow inspection of the medical records.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.